**UNITED STATES of America,**
**Appellee,**

v.

**Jody Lee JOHNSON, Appellant.**

No. 01–1387.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 2001.

Decided Oct. 12, 2001.

Before MORRIS, SHEPPARD,
ARNOLD and BRIGHT, Circuit Judges,
and BOGUE,[1] District Judge.

1. The Honorable Andrew W. Bogue, United
States District Judge for the District of South
Dakota, sitting by designation.

[UNPUBLISHED]

PER CURIAM.

This appeal presents a single issue, namely, whether the district court[2] erred in denying Jody Lee Johnson a reduction in his sentence for acceptance of responsibility. We conclude that it did not and therefore affirm the judgment.

Mr. Johnson pleaded guilty to the sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). His presentence report recommended that he not be given a downward adjustment for acceptance of responsibility because he continued to minimize his acts and describe them in a way that was both unbelievable and very self-serving. The district court denied the reduction based on the facts contained in the presentence report and also because it was not convinced of the sincerity of Mr. Johnson's apology for his acts. We review a decision not to make a downward adjustment for clear error, *see United States v. Goings*, 200 F.3d 539, 544 (8th Cir.2000), and are mindful that the United States Sentencing Guidelines provide that in cases such as this "the determination of the sentencing judge is entitled to great deference on review," U.S.S.G. § 3E1.1, comment. (n. 5).

Mr. Johnson does not deny any of the facts that furnished the basis for the recommendation against a downward adjustment contained in his presentence report. Rather, he maintains that he is entitled to such an adjustment because his denials and excuses were symptomatic of his illness (paraphilia) and thus it was error to equate them with a refusal on his part to accept responsibility. In the first place,

2. The Honorable Robert W. Pratt, United
States District Judge for the Southern District
of Iowa.

Mr. Johnson did not make this argument in the district court, so he has forfeited it. *See United States v. Elliott,* 89 F.3d 1360, 1367 (8th Cir.1996), *cert. denied,* 519 U.S. 1118, 117 S.Ct. 963, 136 L.Ed.2d 849 (1997). In the second place, there is nothing in the record from which the district court could have concluded that Mr. Johnson's denials were symptomatic of an illness; there is only evidence that people with Mr. Johnson's sexual tendencies typically minimize their behavior.

The judgment is therefore affirmed.

A true copy.